# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DEMARCO ARMSTEAD, | : | Case No. 2:24-cv-4110 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| SHERIFF BALDWIN, et al., | : | |
| Defendants. | : | |

## ORDER

Plaintiff, a former prisoner at the James A. Karnes Corrections Center,[1] initiated this civil rights action on October 29, 2024. (Doc. 1). This matter is before the Court on plaintiff's motion for leave to file an amended complaint (Doc. 23) and motions for leave to proceed *in forma pauperis* (Doc. 1, 6), as well as several other pending motions discussed below.

With respect to plaintiff's motions for leave to proceed *in forma pauperis*, it appears from plaintiff's affidavit that he lacks the funds to pay the costs or give security for such costs. (*See* Doc. 6). The Court therefore **GRANTS** the motions (Doc. 1, 6) and hereby authorizes commencement of this action without prepayment of fees or costs.

In response to plaintiff's numerous motions seeking to amend or supplement his initial complaint, the undersigned provided plaintiff with the opportunity to file a single amended complaint on December 20, 2024. (Doc. 18). In response to the Order, plaintiff has filed a

---

[1] According to plaintiff and the Franklin County Clerk of Courts online docket records it appears that plaintiff was released from custody since initiating this action. (*See* Doc. 23 at PageID 248). Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline under Case No. 24 CR 005801. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

motion to amend his complaint (Doc. 23), which is **GRANTED** to the extent that the January 22, 2025 complaint supersedes the original complaint and serves as the operative complaint in this action. *See* Fed. R. Civ. P. 15(a)(2). *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes and earlier complaint for all purposes.") (quotation and citation omitted). Plaintiff's remaining, previously filed motions seeking to amend or supplement his complaint (Doc. 7, 10, 12, 14, 15, 17) are therefore **DENIED as moot.** The Court construes plaintiff's motion for a jury trial to be a jury demand pursuant to Fed. R. Civ. P. 38, which is **GRANTED.** (Doc. 11).

In this motion to amend, plaintiff also requests that his address be changed from the James A. Karnes Corrections Center. Plaintiff has failed to provide the Court with an updated mailing address. Plaintiff instead has submitted an email address and requests that all future communications be sent via email. (*See* Doc. 23 at PageID 248). Plaintiff has an affirmative duty to notify the Court of any changes in his address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (A pro se litigant has a duty to supply the court with notice of any and all changes in his address); *Burks v. Ohio Dep't of Rehab. & Corr.*, No. 1:20-cv-93, 2022 WL 1183228, at *2, S.D. Ohio Apr. 21, 2022) ("It is a litigant's job to ensure that the Clerk's Office has a valid address for the litigant, and to update that address if it changes."). *See also* A Guide For Pro Se Litigants: Representing Yourself in the United States District Court for the Southern District of Ohio, (2017) p. 14 ("At all times, the Court must have your current mailing address"). Plaintiff is therefore **ORDERED** to provide the Court with his current mailing address **within thirty (30) days** and is advised that failure to do so may result in the dismissal of this action for want of prosecution. Because the Court does not have plaintiff's current address,

the **Clerk of Court** is **DIRECTED** send this Order to plaintiff at the provided email address <u>on this one occasion</u>.

In light of plaintiff's release from custody, his pending motions for release from custody (Doc. 9) and motion regarding mail at the James A Karnes Corrections Center (Doc. 16), are **DENIED as moot.**

The next step in this case is an initial screening of plaintiff's amended complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The undersigned will conduct this initial screening as soon as practicable. The Court will then enter an appropriate order and, if appropriate, direct service of the complaint and summons on defendants. The Court will consider plaintiff's pending motion to convert documents (Doc. 22) with the initial screening.

**IT IS SO ORDERED**.


Date: <u>January 27, 2025</u>    s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge