UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEMARCO ARMSTEAD, | Case No. 2:24-cv-4110 |
| Plaintiff, | |
| vs. | District Judge Algenon L. Marbley<br>Magistrate Judge Elizabeth P. Deavers |
| SHERIFF BALDWIN, et al., | |
| Defendants. | |

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a former pretrial detainee at the James A. Karnes Corrections Center, has filed a civil rights complaint in this Court. After filing his initial complaint, Plaintiff has submitted ten documents seeking to amend or supplement his complaint. (*see* Docs. 3, 7, 9, 10, 12, 14, 15, 17, 23, 25). In response to plaintiff's motions the undersigned provided plaintiff with a final opportunity to file a single amended complaint. (Doc. 18). As noted in the Order, plaintiff's factual allegations at that point in the proceedings spanned eight different documents, eighty-four pages, and appeared to concern separate and distinct transactions and occurrences. (*See id.*). In response, plaintiff filed a final motion to amend his complaint (Doc. 23), which was granted, as well as a motion to convert many of his prior motions to amend or supplement to affidavits (Doc. 22), which remains pending.

This matter is now before the Court for a *sua sponte* review of the amended complaint[1] (Doc. 25) to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

As discussed below, despite being advised that under Fed. R. Civ. P. 20(a) the claims asserted in his amended complaint must arise out of the same transaction or occurrence (*see* Doc. 8 at PageID 119, Doc. 18 at PageID 241), plaintiff's amended complaint summarizes the majority, if not all, of the claims presented in his various motions to amend. (*See* Doc. 25). In light of the below recommendation that many of plaintiff's unrelated claims be dismissed without prejudice, plaintiff's "Motion to convert Documents #1, #3, #7, #10, #12, and #14 to Affidavits" (Doc. 22) is **DENIED**.

## Screening of Plaintiff's Amended Complaint

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

---

[1] The amended complaint (Doc. 25) supersedes the original complaint and serves as the operative complaint in this action. *See* Fed. R. Civ. P. 15(a)(2). *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes and earlier complaint for all purposes.") (quotation and citation omitted).

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded

3

factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

A. **Allegations in the Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act of 1973. (*See* Doc. 25 at PageID 256). As defendants, plaintiff names Sheriff Dallas Baldwin, Commissioner Kevin Boyce, Dep. Hicks, Armor Health of Ohio, Armor Correctional Health Services Inc., Nurse Jane and John Doe, Dr. Abdi, Dep. Lilly, Sgt. Collier, Dep. Matt Blake, Sgt. Zack Lewis, Sgt. Johnson, and Dep. Hale. (*Id.*).

Plaintiff first alleges that defendants were deliberately indifferent to his medical needs and denied him accommodations under the ADA and Rehabilitation Act. Specifically, plaintiff alleges that he was denied life-sustaining HIV medication on numerous occasions. He further alleges that although medical staff were aware of plaintiff having numerous bouts of intestinal bleeding, that defendants refused to evaluate his condition or provide him with medical treatment. Finally, plaintiff alleges that he suffers from nerve pain and mobility issues as a result of having

4

three retained bullets and permanent fractures in his spine. According to plaintiff, he was denied accommodations with respect to his housing assignments and cell conditions. Without factual elaboration, plaintiff claims that he was denied medical care and accommodations in retaliation for filing a lawsuit in 2019. The Court understands plaintiff to bring these claims against defendants Baldwin, Boyce, Armor Health of Ohio, Armor Correctional Health Services, Nurses Jane and John Doe, and Dr. Abdi. (*See.* Doc. 1-1).

Plaintiff further alleges that he was denied access to the courts by several defendants. Specifically, plaintiff claims that on October 15, 2024, defendant Dep. Hicks deprived him of the ability to speak with his public defender, "effectively denying and or interfering with my right of access to courts." (*Id.* at PageID 257). Plaintiff further alleges that Franklin County also denied his access to the courts by refusing to transport him to court on several occasions and denying him access to the grievance process. According to plaintiff, he was denied grievances "as a means to harass, deny equal protection of the law and retaliate for previous civil actions." (*Id.* at PageID 258). Plaintiff also claims defendants Dep. Lilly and Sgt. Collier denied him law library access and that defendant Dep. Matt Blake refused his requests for legal calls and access to the grievance process.

Next, plaintiff claims that defendants Sgt. Zack Lewis, Sgt. Johnson, and Dep. Hale, acted in concert with another inmate to deny him access to the administrative process, deny him access to the courts, and retaliate against him. (*Id.* at PageID 25).[2]

---

[2] Plaintiff references one of his amended complaints in support of this claim. In that document (Doc. 7), plaintiff alleges that in November of 2024, defendants Lewis, Hale, and Johnson issued a false, unsigned conduct report against him and found him guilty of damaging a tablet involved in the incident.

5

Finally, plaintiff alleges that Blake used excessive force against him. Plaintiff claims that Blake slammed a meal trap on his arm, causing injury to his wrist. (*Id.*).

Plaintiff seeks declaratory and injunctive relief, as well as money damages.

**B. Analysis**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff's medical care and accommodations claims against defendants Baldwin, Boyce, Armor Health of Ohio, Armor Correctional Health Services, Nurses Jane and John Doe, and Dr. Abdi are deserving of further development and may proceed at this juncture.[3]

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B).

As noted above, in response to plaintiff's multiple complaints/amended complaints filed in this action, plaintiff was ordered (*see* Doc. 18) to file a single amended complaint and advised that the factual allegations and claims must arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2).

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit. Under Rule 20(a)(2) "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against

---

[3] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor is defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

6

each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law and fact." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009).  Permitting a prisoner to assert unrelated claims against different defendants in the same action would undermine the PLRA's purpose of curbing frivolous prisoner filings and dilute the impact of the statute's fee payment and three-strikes provisions. *See Gresham v. Washington*, No. 1:15-cv-1067, 2016 WL 81696, at *7 (W.D. Mich. Jan. 6, 2016) (collecting cases).

In this case, plaintiff has been permitted to proceed with his medical care and accommodation claims.  Because the remaining claims asserted in the amended complaint arise out of different transactions or occurrences, involve the actions of different individuals, and involve distinct questions of law and fact, *see* Fed. R. Civ. P. 20(a)(2), plaintiff's remaining claims are not properly joined and should be dismissed without prejudice. *See* Fed. R. Civ. P. 21. These claims include plaintiff's access-to-courts claims against defendants Hicks, Lilly, and Collier; his allegations against defendants Sgt. Zack Lewis, Sgt. Johnson, and Dep. Hale in connection with the alleged false conduct report issued against him; and his excessive force claim against Blake.  If plaintiff wishes to pursue these claims unrelated to his medical care and accommodations claims, he must do so in separate actions that each comply with Fed. R. Civ. P. 20(a)(2) and after paying the filing fee required to do so.

Finally, plaintiff's conclusory allegation of retaliation should be dismissed.  Plaintiff asserts his belief that each of the defendants' actions in this case were retaliation for his filing a prior lawsuit in 2019.  (*See* Doc. 25 at PageID 256-258).  However, plaintiff has not alleged any facts suggesting a causal connection between the alleged adverse actions and protected activity.

"[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient")). Without any "further factual enhancement" plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly*, 550 at 555–57. *See also Whiteside v. Collins,* No. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010). Accordingly, plaintiff's retaliation claims should be dismissed.

Accordingly, in sum, plaintiff may proceed at this juncture with his medical care and accommodations claims against defendants Baldwin, Boyce, Armor Health of Ohio, Armor Correctional Health Services, Nurses Jane and John Doe, and Dr. Abdi However, plaintiff has not submitted complete summons forms for service on these defendants.

It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons forms for defendants Baldwin, Boyce, Armor Health of Ohio, Armor Correctional Health Services, and Dr. Abdi. Once the Court receives the requested forms the

8

Court will order service of process by the United States Marshal.

Before service may be issued upon the remaining John and Jane Doe Nurses plaintiff must file a motion to issue service setting forth the identities of the unidentified defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed defendants unless plaintiff complies with this Order.

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B) & Fed. R. Civ. P. 21.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of plaintiff's medical care and accommodations claims against defendants Baldwin, Boyce, Armor Health of Ohio, Armor Correctional Health Services, Nurses Jane and John Doe, and Dr. Abdi.

2. Plaintiff's unrelated claims against defendants Dep. Lilly, Sgt. Collier, Dep. Matt Blake, Sgt. Zack Lewis, Sgt. Johnson, and Dep. Hale be **SEVERED** and **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 21.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "Motion to convert Documents #1, #3, #7, #10, #12, and #14 to Affidavits" (Doc. 22) is **DENIED**.

2. Plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons forms for defendants Baldwin, Boyce, Armor Health of Ohio, Armor Correctional

Health Services, and Dr. Abdi.  Once the Court receives the requested forms the Court will order service of process by the United States Marshal.

    3.   Plaintiff is **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery. **PLAINTIFF IS CAUTIONED THAT FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE RECOMMENDATION TO DISMISS THIS ACTION FOR FAILURE TO PROSECUTE.**

Date:  September 23, 2025                      s/ *Elizabeth A. Preston Deavers*
                                                            Elizabeth A. Preston Deavers
                                                            United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).