**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEMARCO ARMSTEAD,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cv-4110** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **SHERIFF BALDWIN, *et al.*,** | : | **Magistrate Judge Shimeall** |
| | : | |
| | : | |
| **Defendants.** | : | |

<u>**OPINION & ORDER**</u>

This matter comes before this Court on Plaintiff DeMarco Armstead's Objections (ECF No. 29-1) to the Magistrate Judge's Report and Recommendation (ECF No. 28). In the Report and Recommendation, the Magistrate Judge recommended that this Court dismiss Plaintiff's Complaint in part and allow some of the claims to proceed to further development (ECF No. 28). For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 28) and **OVERRULES** Plaintiff's Objections (ECF No. 29-1). Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED in part**.

## I.    BACKGROUND

### A.  Factual Background

Plaintiff DeMarco Armstead is a former pretrial detainee at the James A. Karnes Corrections Center. In his Complaint, Armstead alleges that the Defendants were deliberately indifferent to his medical needs and denied him accommodations under the Americans with Disabilities Act (ADA) and Rehabilitation Act, prevented him from receiving HIV medication, and refused to provide him medical treatment. (ECF No. 28 at 4). Armstead also alleges that Defendants denied him access to the courts, retaliated against him, and used excessive force. (*Id.*

1

at 5–6). Armstead brings this action under 42 U.S.C. § 1983, the ADA, and Section 504 of the Rehabilitation Act of 1973. (ECF No. 1-1). The Complaint names the following parties as Defendants: Sheriff Dallas Baldwin, Commissioner Kevin Boyce, Dep. Hicks, Armor Health of Ohio, Armor Correctional Health Services Inc., Nurse Jane and John Doe, Dr. Abdi, Dep. Lilly, Sgt. Collier, Dep. Matt Blake, Sgt. Zack Lewis, Sgt. Johnson, and Dep. Hale. (*Id.*).

The Magistrate Judge issued a Report and Recommendation on September 23, 2025, recommending that this Court dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of plaintiff's medical care and accommodations claims against defendants Baldwin, Boyce, Armor Health of Ohio, Armor Correctional Health Services, Nurses Jane, and John Doe, and Dr. Abdi. (ECF No. 28 at 9). The Magistrate Judge also recommended Armstead's unrelated claims against Defendants Dep. Lilly, Sgt. Collier, Dep. Matt Blake, Sgt. Zack Lewis, Sgt. Johnson, and Dep. Hale be severed and dismissed without prejudice pursuant to Fed. R. Civ. P. 21. (*Id.*).

On December 12, 2025, Armstead filed a Motion for Leave to File Objections after the initial deadline had passed. (ECF No. 29). Armstead contends that he was unable to respond on time due to the correctional facility denying him access to envelopes. (*Id.* at 1). Armstead attached his objections to his Motion for Leave to File, arguing that his claims were all appropriately included in the same complaint given they all occurred during the same period of incarceration. (ECF No. 29-1 at 1).

## II.    STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or

2

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### III.   LAW AND ANALYSIS

In his objections, Armstead contests the Magistrate Judge's Report and Recommendation to the extent it recommends dismissal of: (1) his access-to-courts claims against defendants Hicks, Lilly, and Collier; (2) his allegations against defendants Sgt. Zack Lewis, Sgt. Johnson, and Dep. Hale in connection with the alleged false conduct report issued against him; and (3) his excessive force claim against Blake. (ECF No. 29-1 at 1). Armstead contends that such claims were appropriately listed in the instant lawsuit given they all occurred during the same period of confinement and therefore arise out of the same transaction. (*Id.*).

As an initial matter, Armstead's objections were untimely filed given he did not file objections until December 12, 2025, despite objections being due on October 16, 2025. As support for his delay, Armstead provides documentation of requests he made to corrections staff requesting envelopes. Such requests, however, are dated in November, weeks after objections were due. (ECF

3

No. 29-2). Even if this Court were to consider Armstead's untimely objection, Armstead fails to identify substantively why the Magistrate Judge's Order was deficient. Pursuant to Federal Rule of Civil Procedure 20 (a), the Magistrate Judge reasoned properly that "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law and fact." (ECF No. 28 at 6–7) (quoting *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009)).

Armstead alleges violations against various defendants, not from the same institutions, and the alleged violations arise from different sets of facts. *See Resch v. Campfield*, 2021 WL 4739172, at *7 (W.D. Mich. Oct. 12, 2021) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees …"); *Cf Uduko v. Cozzens,* 975 F.Supp.2d 750, 762 (E.D. Mich. 2013) (finding Plaintiff satisfied Rule 20(a) and reasoning that because "[a]ll Defendants work at the same institution, and all of [Plaintiff's] claims involve the same series of facts … [Plaintiff] would be barred by the doctrine of res judicata if forced to file separate claims against the multiple Defendants, given the entangled nature of the facts.").

This Court has reviewed *de novo* the Report and Recommendation as it relates to Armstead's objection and finds it to be correct in all respects. This Court will thus adopt the Report and Recommendation and enter it as the findings and conclusions of this Court.

For the reasons provided, this Court **ORDERS** as follows:

4

1.  The Magistrate Judge's Report and Recommendation (ECF No. 28) is **ADOPTED** as the opinion of the Court.

2.  Plaintiff's Objections (ECF No. 29-1) are **OVERRULED**.

    **IT IS SO ORDERED.**

    **ALGENON L. MARBLEY**
    **UNITED STATES DISTRICT JUDGE**

**DATED:  April 16, 2026**