IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEMARCO ARMSTEAD,

             Plaintiff,

    v.

SHERIFF BALDWIN, *et al.*,

             Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 2:24-cv-04110
Judge Algenon L. Marbley
Magistrate Judge S. Courter M. Shimeall

## REPORT AND RECOMMENDATION

On May 18, 2026, this Court ordered Plaintiff to show cause why the Undersigned should not recommend dismissal of this action for failure to prosecute due to his failure to provide service documents and update his address. (ECF No. 36.) This Order, like previous mail, was also returned as undeliverable on May 26, 2026. (ECF No. 37.) To date, Plaintiff has failed to respond this Court's May 18, 2026 Show Cause Order, update his address, or provide service documents. Thus, under these circumstances, the Undersigned recommends dismissal of Plaintiff's action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court Orders.

The Court's inherent authority to dismiss a plaintiff's action because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Upon review, the Undersigned finds that dismissal for failure to prosecute is warranted here. First, Plaintiff has failed to comply with this Court's orders, including to provide the proper service documents for Defendants or to update his address. Plaintiff's continued failure to timely comply with the clear orders of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). As a practical matter, Plaintiff's failure to provide the service documents has delayed the case, and his failure to update his address has "has deprived this Court of a means to contact him about his case or a method to notify him when motions or other proceedings require his response or opposition." *See Bryant v. Warden, Franklin Cty. Corr. Ctr.*, No. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017), *report and recommendation adopted*, No. 2:17-CV-00335, 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017) (recommending dismissal under Rule 41(b) when the plaintiff failed to update his address).

Moreover, the Court had previously cautioned him multiple times that failure to comply with the Court's Orders could result in a recommendation of dismissal for failure to prosecute. (*See e.g.,* ECF Nos. 24, 32, 36); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) ("[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is suitable).

Further, because Plaintiff has missed these deadlines and disregarded the Court's Orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. *See e.g. Sullivan v. Waffle House, No. 1:06-CV-63*, 2006 WL 3007360, at *2 (E.D. Tenn. Oct. 19, 2006) (finding dismissal warranted when a plaintiff failed to update his address because "even if the Court were to implement sanctions less drastic than dismissal, the case would remain stalled due to the Court's inability to communicate with Plaintiff")

Finally, this recommendation stands even though the Court's most recent Orders were returned in the mail as undeliverable to the most recent address provided by Plaintiff because, as the Court explained in its May 18, 2026 Show Cause Order, Plaintiff has a duty to update his address. (*See* ECF No. 36, at PAGEID 316); *see also Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Indeed, Plaintiff was also previously aware of this requirement and had updated his address in the past. (*See* ECF No. 27.) Thus, Plaintiff's failure to provide an updated mailing address suggests he has abandoned his claims.

For these reasons, it is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  Finally, it is **RECOMMENDED** that the Court order Plaintiff to list this action as a related case if he re-files.

<u>**PROCEDURE ON OBJECTIONS**</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

4